UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ABERNATHY,<br><br>　　　Plaintiff,<br><br>　v.<br><br>GLENDA MARTI et al.,<br><br>　　　Defendants. | Case No. 5:24-cv-01042-SB-SP<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTIONS FOR RELIEF [DKT. NOS. 47, 50] |

　　　Pro se Plaintiff Mario Abernathy has filed ex parte applications seeking (1) to vacate the Court's minute order from the August 9 mandatory scheduling conference in which the Court set aside the entries of default entered in state court against Defendants Nicholas Jon Medina, Wendy Y. Medina, New Property Management, LLC, and Vineyard Park Maintenance Corporation, and (2) to enter default judgment against those defendants. Dkt. Nos. 47, 50. Plaintiff complains that the minute order was entered after he left the courtroom and contends that setting aside the default was an abuse of discretion.

　　　The Court did not conduct any further proceedings in this matter after Plaintiff left the courtroom. The Court included its ruling to set aside the default in the minutes of the conference rather than in a separate order because it relates to the schedule in this case. Dkt. No. 34. Plaintiff relies solely on state law that does not apply in federal court and, in any event, has not shown that the Court abused its discretion. Plaintiff's requests to vacate the Court's order and for default judgment are denied, and the August 23 hearings noticed by Plaintiff are vacated.

　　　Plaintiff has now filed numerous documents attempting to rely on the state court's entry of default against the defendants identified above. Defendants produce evidence that they filed a demurrer to Plaintiff's First Amended Complaint (FAC) on February 26, 2024, but that Plaintiff requested entry of default on

1

February 29, and the state court signed the request even though the demurrer had been filed.  Dkt. No. 43-1 ¶ 6 (decl. of Brian Mizell); Dkt. No. 43-4 (demurrer to FAC filed February 26); *see also* Dkt. No. 50 at 10–19 of 23 (Plaintiff's evidence that default was entered against the moving defendants on February 29).  Because the purportedly defaulting defendants had already appeared and filed their demurrer when the state court entered default, the defaults should not have been entered in the first instance.  In any event, the Court has now vacated the defaults and does not intend to revisit its decision.  Those defendants (along with Empower Physical Therapy and Wellness Inc., GJR, LLC, Jason Jang, Eduardo Marti, Glenda Marti, Leon Carlo Sayo, and Lisa Sayo) have properly appeared and moved for dismissal as authorized by this Court, and any further requests to treat them as being in default will be summarily denied.

      Plaintiff is reminded that, under the Local Rules, if he fails to file his opposition to the motion to dismiss at Dkt. No. 43 by the September 13 deadline, he will be deemed to have consented to dismissal of his claims as to those defendants.  *See* L.R. 7-12 (failure to file opposition "may be deemed consent to the granting . . . of the motion").

Date: August 20, 2024

Stanley Blumenfeld, Jr.
United States District Judge

2